356 F.2d 915
 Willie H. CANTRELL, Appellant,
v.
The UNITED STATES, C. Douglas Dillon, Secretary of Treasury,
Mortimer M. Caplin, Commissioner of Internal Revenue, John
W. Macy, Jr., Chairman, and Frederick J. Lawton and Robert
E. Hampton, Members of U.S. Civil Service Commission, Appellees.
 No. 10147.
 United States Court of Appeals Fourth Circuit.
 Argued Dec. 10, 1965.
Decided Jan. 25, 1966.
 
 Edward Berlin, Attorney, Department of Justice, for appellee.
 No appearance for appellant.
 Before SOBELOFF and BOREMAN, Circuit Judges, and MAXWELL, District judge.
 SOBELOFF, Circuit Judge:
 
 
 1
 In 1952 appellant Willie E. Cantrell suffered an injury to his leg in the course of his employment with the Alcohol Tax Unit of the Treasury Department, for which he had worked since 1947. The Federal Employees Compensation Board determined that he had a 61% Partial disability in his leg, and awarded him $10,655.43 in compensation benefits under 5 U.S.C. 755 (1958). In 1957, on the application of the Treasury Department, the Civil Service Commission found that Cantrell had become disabled, and retired him on a monthly annuity of $150.00. 5 U.S.C. 2252 et seq. (1958). Thereafter Cantrell filed this complaint in the Western District of South Carolina, Greenville, Division (Simons, J.), challenging the Commission's authority to determine appellant's 'disability' status. On appeal from dismissal of that complaint, the parties have waived oral argument and submitted the matter on brief and on the record.
 
 
 2
 Appellant contends that because his original leg injury was employment-related, only the Compensation Board could determine his physical condition, and since the Board found only a partial disability of his leg, the Civil Service Commission could not for purposes of retirement find him 'disabled.'
 
 
 3
 However, the Compensation Act and the Retirement Act cover very different situations. The former provides compensation in lieu of damages for injuries sustained in the course of the work, and the Board is primarily concerned with the nature and extent of such injuries and damages. On the other hand, a disability subjecting an employee to retirement need not be work-related. The Civil Service Commission's inquiry is primarily directed not to the nature of the injury itself, but to the employee's general ability to perform his duties. See 5 U.S.C. 2251(g). The injury is considered incidentally, together with other circumstances, in determining working capacity. The Board and the Commission exercise their respective jurisdictions independently and each makes its own factual determinations.
 
 
 4
 The Retirement Act specifically provides that
 
 
 5
 'Any employee who completes five years of civilian service and who is found by the Commission to have become disabled shall, upon his own application or upon application by his department or agency, be retired on an annuity.' 5 U.S.C. 2257(a).
 
 
 6
 Since the adjudication complained of has been specifically authorized by Congress as part of the Civil Service System, the District Court properly dismissed appellant's complaint.
 
 
 7
 Affirmed.